IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **AMERICAN GROWTH & INFRASTRUCTURE, INC., and JOHN G. YEDINAK,**<br><br>     **Plaintiffs,**<br><br>  v.<br>**DAVID OLSON; WIND RIVER CAPITAL LLC; STEVE KENT; KENT FINANCIAL SERVICES ADVISORY LLC; and UINTA ACQUISITION CORP.,**<br><br>     **Defendants.** | **Case No. 22 C 129**<br><br>**Judge Harry D. Leinenweber** |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs John G. Yedinak ("Yedinak") and American Growth & Infrastructure, Inc. ("American Growth") bring this suit against Defendants David Olson ("Olson"), Steve Kent ("Kent"), Uinta Acquisition Corp. ("Uinta"), Wind River Capital, LLC, and Kent Financial Services Advisory LLC (collectively the "Defendants"). Plaintiffs bring a two-count Complaint, alleging breach of fiduciary duty and tortious interference. (Compl., Mot., Ex. 1, Dkt. No. 11-1.) Plaintiffs have moved to remand the case to Cook County circuit court. (Dkt. No. 11.) For the reasons stated herein, Plaintiffs' Motion to Remand is granted.

I. **FACTUAL BACKGROUND**

The following facts are taken from Plaintiffs' Complaint. In the fall of 2020, Yedinak began negotiations to acquire a holding company and its bank ("the transaction"). (Compl. ¶ 11.) The transaction was subject to a confidentiality agreement, and the Court will not name either the holding company or the bank. (*Id.*) In November 2020, Yedinak and Kent agreed that Kent and Kent Financial would provide consulting and capital raising services for the transaction. (*Id.* ¶ 13.) Yedinak and Kent agreed that the two of them would pursue the transaction together and share in the profits. (*Id.* ¶ 15.) In December of 2020, Yedinak executed a non-disclosure agreement and letter of intent with a representative of the holding company. (*Id.* ¶ 18.) Kent was aware of both documents. (*Id.* ¶ 20.) In February 2021, Yedinak caused American Growth to be incorporated, for the purpose of acquiring shares of the holding company. (*Id.* ¶ 24.) That same month, Kent enlisted the aid of Olson and his company, Wind River Capital, to assist with the transaction. (*Id.* ¶ 25.) Shortly thereafter, Yedinak and Olson agreed that Olson would invest in American Growth. (*Id.* ¶ 26.) Plaintiffs allege that Yedinak, Olson, and Kent were all joint venture partners in the transaction. (*Id.* ¶ 27.)

At some time after the joint venture was formed, Kent and Olson enacted a plan to exclude Plaintiffs from the transaction.

(*Id.* ¶ 31.) The specifics of the plan were never disclosed to Plaintiffs. (*Id.* ¶ 32.) In March 2021, Olson arranged a meeting with Kent and Plaintiffs to discuss the transaction. (*Id.* ¶ 42.) At that meeting, Kent and Olson announced that Olson would be chairman of the holding company once it was acquired. (*Id.* ¶ 43 (a)). They also announced that Plaintiffs would have no role in the holding company or the bank after the transaction and would not be compensated for their services. (*Id.* ¶ 43 (c)). Yedinak voiced his disapproval at the meeting, and nothing was agreed to. (*Id.* ¶ 45.) In July 2021, a share exchange agreement was signed by representatives of the buyers (including Plaintiffs) and the holding company. (*Id.* ¶ 50.) Plaintiffs were unaware that an agreement had been executed. (*Id.* ¶ 51.) In July 2021, the Defendants caused Uinta to be incorporated. (*Id.* ¶¶ 54-55.) Uinta's purpose was to replace American Growth as the entity that would acquire the holding company and the bank. (*Id.* ¶ 56.) Yedinak is not an officer or shareholder of Uinta. (*Id.* ¶ 57.) Plaintiffs allege that around this same time, Defendants had orally agreed to exclude Plaintiffs from the transaction. (*Id.* ¶ 53.) In the fall of 2021, Defendants terminated the share exchange agreement with the holding company. (*Id.* ¶ 63.) They did so without notifying Plaintiffs. (*Id.*) Upon learning that the agreement was terminated, Plaintiffs reached out to the holding company to see if it would

proceed with the transaction without Defendants' involvement. (*Id.* ¶ 65.) The holding company stated that it was not willing to proceed with a sale to any of the parties involved. (*Id.*)

Plaintiffs filed suit against Defendants, alleging breach of fiduciary duty and tortious interference. Plaintiffs originally filed suit in Cook County, but the case was removed to this Court. (Dkt. No. 1.) Plaintiffs have filed a Motion to Remand based on a lack of complete diversity. (Dkt. No. 11.) Only a few parties are relevant to the analysis of whether this Court has diversity jurisdiction. American Growth is a Wyoming corporation. (Compl. ¶ 2.) Uinta is also a Wyoming corporation. (*Id.* ¶ 7.) Wind River Capital is a company with principal place of business in Wyoming. (*Id.* ¶ 4.) Olson owns homes in both Wyoming and Illinois. (*Id.* ¶ 3.)

## II.  LEGAL STANDARD

Under the fraudulent joinder doctrine, a case premised on diversity cannot be remanded by joinder of a nondiverse party whose claims have no chance of success. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). In other words, a nondiverse party may not be included in a case simply to destroy diversity jurisdiction. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). For a defendant to establish fraudulent joinder, they "must show that, after resolving all issues of fact and law in favor of

the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). If a defendant establishes fraudulent joinder, a federal court may retain jurisdiction over the case by dismissing the fraudulently joined parties. *Morris*, 718 F.3d at 666.

### III. <u>DISCUSSION</u>

This action is premised on the Court having diversity jurisdiction over the parties. The issue in at hand is whether Plaintiff American Growth is a fraudulently joined Plaintiff. American Growth, Wind River Capital, Uinta, and, arguably, Olson, are all citizens of Wyoming. If American Growth is a proper plaintiff in this action, the requirements for complete diversity are unsatisfied. If American Growth remains in the case, this Court cannot hear it and it will be remanded to Cook County Circuit Court. On the other hand, if American Growth is a fraudulently joined plaintiff, it will be dismissed from the case, and the Court will retain jurisdiction.

Before addressing the merits of the arguments, the Court must consider what evidence it may properly consider. In its response to the Motion to Remand, Defendants attach several documents, which they reference throughout their Motion. Plaintiffs allege that the

Court cannot consider these documents at this stage of the proceedings.

When analyzing a motion to remand, a court may look beyond the complaint and consider evidence submitted on the issue of subject matter jurisdiction. *Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 701 (7th Cir. 2003). The Court may properly consider documents beyond the operative complaint, provided it does not use this evidence to "pre-try" the case. *Brokaw v. Boeing Company*, 137 F.Supp. 3d 1082, 1092 (N.D. Ill. 2015). To the extent that evidence presented at this stage goes to the merits of the case, it must be disregarded, even if it is uncontradicted. *Dillon v. Naman, Howell, Smith & Lee*, PLLC., No. 18-CV-00470, 2018 WL 2933602, at *4. (N.D. Ill. June 12, 2018).

At this stage, the Court will not consider the documents that Defendants attach to their response. These documents are as follows: a biography of Christopher Jerome; a letter describing Jerome and Plaintiff's acquisition of a bank; email correspondence between the parties about the transaction, pages from American Growth's website, and a declaration from Steven Kent. These documents do not appear to be relevant to the jurisdictional question before the Court. Instead, they seem to go to the merits of the case. As such, the Court disregards this evidence.

American Growth has brought two claims against Defendants. One for breach of fiduciary duty and one for tortious interference. The question before the Court is whether American Growth has pled facts such that it can establish a cause of action against Defendants, specifically Olson, Uinta, and Wind River Capital. When analyzing this issue, the Court must resolve all issues of fact and law in favor of American Growth.

### A. Breach of Fiduciary Duty

In Illinois, to state a claim for breach of fiduciary duty, a plaintiff must allege: "(1) that a fiduciary duty exists; (2) that the fiduciary duty was breached; and (3) that such breach proximately caused the injury of which the party complains." *Lawlor v. N. Am. Corp. of Illinois*, 983 N.E.2d 414, 433 (Ill. 2012).

First, American Growth alleges that Defendants owed it a fiduciary duty because they were in a joint venture. It is well-established that joint ventures create fiduciary duties. *Autotech Technology Ltd. Partnership v. Automationdirect.com*, 471 F.3d 745, 748 (7th Cir. 2006) ("Fiduciary duties exist as a matter of law in certain relationships including partnerships and joint ventures."). Defendants argue, in passing, that American Growth has failed to adequately plead the existence of a joint venture. In support, Defendants point to their motion to dismiss, which is currently stayed before the Court. There, Defendants allege that

Plaintiffs failed to plead a joint venture. In Illinois, the existence of a joint venture is a question for the trier of fact. *Hiatt v. Western Plastics*, 36 N.E.3d 852, 865 (Ill. Appt. Ct. 2014). The existence of a joint venture is a question of the parties' intent and can be inferred from the parties' conduct and the facts and circumstances. *Id.* Further, for a joint venture to exist, there must be:

> (1) an agreement to carry on a single enterprise with a legitimate purpose; (2) a community of interest in the purpose; (3) expectation of profits; (4) duty to share profits and losses; and (5) the right of each person to direct and govern the conduct of the other members of the venture.

*Glass v. Kemper Corp.*, 949 F.Supp. 1341, 1345 (N.D. Ill. 1997).

Defendants generally assert that American Growth does not allege most of the elements of a joint venture. However, Defendants do not point to any specific element that Plaintiffs failed to allege. Defendants also assert that the complaint does not allege that American Growth was one of the joint venturers. This is false. Plaintiffs' Complaint specifically states, "Defendants Olson and Kent were joint venture partners with plaintiffs in the acquisition of the Holding Company and Bank in that they agreed to work together to acquire the holding Company and bank and then share in the profits." (Compl. ¶ 27.) In support of this allegation in the Complaint, Plaintiffs allege that Yedinak, Kent, and Olson all agreed to invest in the holding company and the bank. Plaintiffs

- 8 -

allege that Yedinak incorporated American Growth to acquire the shares of the holding company. Defendants argue that no Defendant has any interest or business involvement with American Growth. However, that does not foreclose the existence of a joint venture with American Growth as a member. At this stage, American Growth has pled facts sufficient to support the existence of a joint venture. *See Ambuul v. Swanson*, 516 N.E.2d 427, 431 (Ill. App. Ct. 1987) (holding a joint venture existed when the parties entered into an agreement to buy and sell a building).

Defendants next argue that if there is a claim for breach of fiduciary duty, it must have brought in the name of joint venture. This argument is flawed. In support of their position, Defendants again direct the Court to their Motion to Dismiss. There, Defendants cite to *McGee v. Dresnick*, 2005 WL 6244201 at *3 (N.D. Ill.). *McGee* does not involve a joint venture and is inapplicable here. To the extent *McGee* is relevant, it is limited to the holding that breach of fiduciary duty claims are derivative if the only basis to the claim is that there was an injury to the company. *Id.* at *3 ("Once again, the claims based on usurpation and dissolution, which cannot exist absent injury to the LLC, are derivative."). However, in Illinois, there is no provision that allows a joint venture to sue on its own behalf. *Hawkins VMR Joint Venture v. Rowbec, Inc.*, 835 F.Supp. 1091, 1092 (N.D. Ill. 1993). Instead,

the suit must be in the names of the joint venturers themselves. That is exactly what the Plaintiffs have done here. Plaintiffs have filed suit under the proper names.

Second, American Growth has adequately pled that the fiduciary duty was breached. Plaintiffs alleges that Defendants enacted a plan to exclude Plaintiffs from the transaction. Plaintiffs allege that Defendants incorporated their own company, Uinta, to take the place of American Growth in the transaction. Plaintiffs also allege that Defendants terminated the existing share exchange agreement for the acquisition of the holding company. When Plaintiffs contacted the holding company, it refused to proceed with sale. Essentially, Plaintiffs allege that Defendants cut Plaintiffs out of the transaction. Thus, Plaintiffs have properly pled that Defendants breached their fiduciary duty.

Third, American Growth has pled facts sufficient to show that Defendants' breach caused injury. Plaintiffs allege that because of Defendants actions, they were unable to acquire the holding company and the bank. In response, Defendants argue that they did not usurp a corporate opportunity. In essence, Defendants argue that no harm was caused because they also did not successfully acquire the holding company or the bank. In support, Defendants cite *Dominion Nutrition, Inc. v. Cesca*, 467 F.Supp. 2d 870 (N.D. Ill 2006), *Schumacher v. J.V. Pro, Inc.*, 2004 WL 432788 (N.D. Ill

2004), and *Cooper Linse Hallman Capital Management, Inc., v. Hallman*, 856 N.E.2d 585 (Ill. App. Ct. 2006). Each of these cases deal with the corporate usurpation doctrine. In Illinois, corporate usurpation is a distinct cause of action for breach of fiduciary duty. *Indeck Energy Servs., Inc. v. DePodesta*, 183 N.E.3d 746, 759 (Ill. 2021). Here, Plaintiffs did not plead a claim of breach under the corporate usurpation doctrine. Therefore, these cases are inapplicable. Plaintiffs do not claim that Defendants claimed some opportunity that belonged to a corporation. Plaintiffs' claim is that they, along with Defendants, jointly planned to acquire the holding company and bank. Then, Defendants intentionally cut Plaintiffs out of the transaction. In Illinois, to plead causation, a plaintiff must show that there is a direct relation between the injury asserted and the alleged conduct. *County of Cook v. Philip Morris, Inc.*, N.E.2d 1039, 1043 (Ill. App. Ct. 2004). Here, the injury asserted is that Plaintiffs were unable to acquire the holding company or bank. The conduct alleged is that Defendants schemed to cut Plaintiffs out of the transaction and rescinded the share agreement. Plaintiffs have pled facts sufficient to show causation.

The Court finds that, at this stage, American Growth has pled facts sufficient a cause of action against Defendants for breach of fiduciary duty. Because American Growth is a proper Plaintiff

for this claim, the breach of fiduciary duty claim will be remanded to Cook County circuit court.

### B. Tortious Interference

To state a claim for tortious interference in Illinois, a plaintiff must show a that it had a reasonable expectation of entering a business relationship, that a defendant purposely interfered with and defeated that expectation, and that the interference caused harm to the plaintiff. *Belden Corp. v. InterNorth, Inc.*, 413 N.E.2d 98, 101-102 (Ill. App. Ct. 1980). Defendants argue that American Growth failed to properly plead tortious interference because Plaintiffs did not plead facts showing that Defendants interfered with and defeated Plaintiffs' expectation. In support of this argument, Defendants point to the fact that Yedinak attempted to proceed with the transaction without Defendants.

Defendants' argument is not persuasive. Plaintiffs had a reasonable expectation of acquiring the holding company and bank, as evidenced by the parties' negotiations, letter of intent, and share exchange agreement. Since the original agreement was for Defendants to become investors as well, Defendants clearly knew about Plaintiffs' expectations. Plaintiffs' Complaint also alleges that Defendants interfered with and defeated Plaintiffs' expectations. Specifically, Plaintiffs allege that Defendants had

a plan to cut out Plaintiffs from the transaction. In furtherance of that plan, Plaintiffs allege that Defendants decided to replace Yedinak and American Growth with their own management team. Plaintiffs allege that Defendants informed Plaintiffs that it they would have no role in the holding company or the bank after it was acquired. Plaintiffs allege that Defendants incorporated Uinta to replace American Growth in the transaction. Plaintiffs allege that around this same time, Defendants orally agreed to exclude Plaintiffs from the acquisition. Plaintiffs allege that Defendants terminated the existing share exchange agreement without notice or authorization. Plaintiffs allege that once they realized the agreement was terminated, they approached the holding company to try to complete the transaction without Defendants but were rejected.

In support of their position, Defendants cite *Brinley Holdings Inc. v. RSH Aviation, Inc.*, 2022 WL 180571 (N.D. Ill. Jan 20, 2022). That case is inapplicable. In *Brinley*, an Illinois court held that there was no tortious interference when parties were in competition with one another. *Id.* at *32. The court states that for a Plaintiff to have a valid claim for tortious interference: "[p]roving that a competitor entered the picture and spoiled a deal is not enough." *Id.* at *31. Importantly, *Brinley* did not deal with parties who were in a joint venture. In this

case, Plaintiffs and Defendants were never competitors. They intended to go into business together, not against each other. The Defendants argument that they were "competition" with Plaintiffs is not persuasive. The Court finds that Plaintiffs have pled facts sufficient to sustain a claim of tortious interference. As such, American Growth is a proper Plaintiff for the tortious interference claim. This claim will be remanded to Cook County circuit court as well.

### IV. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Remand (Dkt. No. 11) is granted.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 4/20/2022